**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-3986

———————

MICKEY CASTILLO,
                              Appellant

v.

MATTHEW P. KELLY

———————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:15-cv-01252)
District Judge: Honorable Robert D. Mariani

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2017
Before:  SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 5, 2017)

———————

OPINION[*]

———————

PER CURIAM

———————————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Mickey Castillo ("Castillo") appeals from the judgment of the United States District Court for the Middle District of Pennsylvania in his civil rights case. We will affirm the District Court's dismissal.

I.

Castillo, a resident of Kingston, Pennsylvania, was represented in Pennsylvania post-conviction appellate proceedings by conflict counsel Mathew P. Kelly ("Kelly") in 2013.[1] Unsatisfied with Kelly's representation, Castillo filed several disciplinary actions against Kelly, which the relevant disciplinary authorities rejected. In June 2015, Castillo filed a complaint under 42 U.S.C. § 1983 against Kelly, which he subsequently sought to amend, and an application for leave to proceed in forma pauperis ("IFP").[2]

The District Court gave Castillo leave to amend as a matter of course under Fed. R. Civ. P. 15(a)(1), and he filed an amended complaint naming John and Jane Does as co-defendants. Castillo alleged that Kelly "had no legal standing to represent paintiff [sic] PCRA appeal and refused to correct sentence order (7/8/10) defect so it can be appealable[,]" dkt. # 7 at 2, and that Kelly violated his procedural due process rights by destroying Castillo's legal paperwork. He also raised a state law malpractice claim against Kelley. Finally, he alleged that the Doe defendants violated his rights by failing to oversee and train Kelly, and failing to realize that Castillo's sentence is "non-

---

[1] Kelly is a private practice lawyer who acts as conflict counsel.

[2] Castillo filed a habeas petition under 28 U.S.C. § 2254 related to this case, and is still litigating that petition. See Castillo v. Fisher, D.C. Civil. No. 3:14-cv-00418 (M.D. Pa.).

appealable."[3]  Id. at 3.  The magistrate judge screened the complaint under 28 U.S.C. § 1915(e)(2), and recommended dismissing it for failure to state a claim under § 1915(e)(2)(B)(ii), noting that giving him leave to amend would be futile.  The District Court adopted the R&R and dismissed the complaint.  Castillo timely appealed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is plenary.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  When dismissing complaints for failure to state a claim under § 1915(e)(2)(B)(ii), this standard of review is the same as under Fed. R. Civ. P. 12(b)(6).  Pro se complaints must be construed liberally, see Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), but when reviewing a motion to dismiss, "we accept the factual allegations contained in the Complaint as true, but disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements."  James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 672 (2009)).  Where a complaint has not alleged sufficient facts to state a claim for relief that is "plausible on its face[,]" dismissal is appropriate.  Ashcroft, 556 U.S. at 678.

Castillo's federal claims against Kelly fail because he insufficiently alleged that Kelly is a state actor.  To have been considered a state actor, Kelly must: (1) actually have been a state official; (2) have acted with or received significant help from state

---

[3] Castillo also sought a stay pending the resolution of his habeas petition.

officials; or (3) have engaged in conduct that, by its nature, can be attributed to the state. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). This Court has previously held that private "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." Angelico, 184 F.3d at 277. Castillo did not plead facts sufficient to allege that Kelly acted as a state official or with help from state officials, or engaged in conduct attributable to Pennsylvania.

For the same reason, the District Court also correctly dismissed Castillo's claim against the Doe defendants. Castillo argued that they allowed Kelly to "go rogue" and had a duty to oversee and train Kelly, but none of his allegations indicate that they are state actors. Even if they were, and even if they somehow supervised Kelly's work, liability cannot be based solely on respondeat superior. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).[4]

Accordingly, we will affirm the District Court's judgment.[5]

---

[4] Castillo's arguments that the District Court abused its discretion by dismissing his complaint with prejudice and by not staying it pending the exhaustion of his habeas petition are meritless. Nor did the District Court abuse its discretion in declining to exercise jurisdiction over Castillo's state law claim or to appoint counsel.

[5] Castillo's motion to allow documents on record is denied, as it is unclear what documents he seeks to introduce.

4